IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:18CV232

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| APPROXIMATELY $1,751.00 IN FUNDS, | ) | |
| ONE 2003 CHEVROLET SILVERADO (VIN: | ) | |
| 1GCHK29183E152488), SEIZED FROM | ) | |
| BRYAN JAMISON WATTS, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## INTRODUCTION

1.      This is a civil action in rem against approximately $1,751.00 in United States Currency and One 2003 Chevrolet Silverado (VIN: 1GCHK29183E152488) seized from Bryan Jamison Watts on March 6, 2018 which, upon information and belief, are moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 841, and are proceeds traceable to or intended to be used for facilitate any such exchange, and therefore subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6); a conveyance used to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C. § 841, and therefore subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4).

1

2.    Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3.    This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

4.    The Defendant properties have been seized on land, are now within, and during the pendency of this action will remain within the Western District of North Carolina.

5.    The Defendants are all present and future interest in the following property:

    a.    approximately $1,751.00 in United States Currency seized from Bryan Jamison Watts, and

    b.    One 2003 Chevrolet Silverado (VIN: 1GCHK29183E152488) seized from Bryan Jamison Watts, both incident to a traffic stop on the Cherokee, NC reservation.

## FACTUAL BACKGROUND

6.    Between February and March 2018, Agents and Task Force Officers (TFOs) with the DEA Asheville Post of Duty (DEA-APOD) conducted an undercover operation involving Bryan Jamison Watts and his drug trafficking organization (DTO), suspected of shipping marijuana from the State of Washington to the States of North Carolina and South Carolina as well as Boston, Massachusetts.

7.    According to a Confidential Source (CS), the DTO was maintaining a stash house containing marijuana in the Asheville, NC area.

8.    On March 2, 2018, through the use of the CS, SA Billy Stites was introduced to Watts as a retail marijuana distributor operating out of Cherokee, NC. The CS passed SA Stites' phone number to the DTO.

9.  On the same date, SA Stites, acting in an undercover (UC) capacity, received the first phone call from cellular telephone number 509-554-3609 and talked with a male subject, who identified himself as "Bryan".

10.  TFO Sonia Escobedo checked the number through law enforcement databases and identified the telephone number as being used by Bryan Jamison Watts.

11.  TFO Escobedo later obtained the subscriber records from Verizon Wireless identifying the registered user of the number as "Bryan Watts Racing".

12.  As the relationship developed between SA Stites and Watts, conversation between the UC and Watts led to the discussion of prices pertaining to the cost for each pound of marijuana.

13.  Further, Watts provided the UC with pictures via text message of marijuana buds indicating the strains or types of marijuana that Watts had to sell.

14.  Watts agreed to transport 170 pounds of marijuana to the UC at the cost of $1,200.00 per pound to Harrah's Cherokee Casino located at 777 Casino Drive, Cherokee, NC.

15.  On March 4, 2018, Watts spoke with the UC and advised that he was on the road and asked for the casino's address again.

16.  Watts also gave the UC a description of the vehicle he was traveling in, stating he was driving a tan Chevrolet Duramax truck that he had just purchased the day prior from the a retired military person from Washington State.

17.  On March 5, 2018, Watts spoke with the UC on several occasions and advised that he lived in Cheyenne (believed to be Cheyenne, WY).

18.  Further, Watts advised that he would be stopping in Nashville, TN overnight, but should arrive in Cherokee, NC on Tuesday.

19.  On March 6, 2018. Watts requested the UC's help in selling his Chevrolet pickup and sent

3

the UC photographs of the vehicle.

20.     Watts advised the UC that he would be staying in a very nice hotel in downtown Nashville called Cambria Suites.

21.     DEA-APOD Group Supervisor (GS) Shaun Ziadie requested the assistance of DEA GS John Clayton of the Nashville, TN District Office to verify that Watts arrived at the hotel in Nashville, TN.

22.     On March 6, 2018, GS Clayton observed the vehicle, further identified as a 2003 Chevrolet Silverado 2500, bearing Oregon tag ZFE194, from the photographs Watts provided.

23.     The vehicle was parked in the parking garage of the Cambria Hotel and Suites located at 118 8th Avenue South, Nashville, TN.

24.     GS Clayton and another agent maintained surveillance on the vehicle until the vehicle departed and began traveling toward NC.

25.     GS Clayton followed the vehicle until TFO Escobedo and SA Stites intercepted Watts traveling east on Interstate 40 toward NC.

26.     On the same date, TFO Escobedo and SA Stites maintained surveillance on Watts, verifying that Watts was indeed the driver of the Chevrolet Silverado 2500.

27.     TFO Escobedo and SA Stites knew Watts' appearance from photographs obtained from Watts' Washington driver's license and Facebook photographs.

28.     As they surveilled the vehicle, Watts and SA Stites continued to communicate over the

29.     phone, with Watts providing real time updates on the status of his travel and estimated time of arrival in Cherokee, NC.

30.     TFO Escobedo, TFO Andrew Waycaster and TFO Jason Gardner continued to observe as Watts traveled west on U.S. Highway 19 traveling toward the city of Cherokee, near the Happy

4

Holiday RV Village located at 1553 Wolfetown Road, Whittier, NC.

31. Watts sent SA Stites a text message saying "on the reservation".

32. NC State Highway Patrol Trooper Christopher Morgan watched Watts drive by the Happy Holiday RV Village and observed Watts texting while driving; a violation of the NC distracted driving law.

33. Trooper Morgan initiated a traffic stop on Watts for the violation and issued him a warning. Trooper Morgan returned Watts' identification card and Bill of Sale.

34. Trooper Morgan engaged Watts in consensual conversation about his travel and vehicle and observed Watts to be extremely nervous.

35. According to Trooper Morgan, Watts would not make eye contact with him.

36. When Trooper Morgan asked Watts if he had anything illegal in the vehicle, Watts answered, "No."

37. Watts claimed to own the vehicle and Trooper Morgan asked Watts for consent to search the vehicle, to which, he answered, "Yes."

38. Watts was provided with a Consent to Search form, which he signed.

39. Incident to the search, Trooper Shannon Williamson then deployed his K-9 "Maddie" and she gave a positive alert for the odor of a controlled substance on the tailgate of the vehicle.

40. Maddie is trained to detect the odor of marijuana and other controlled substances.

41. Trooper Morgan completed a hand search of the vehicle and located 9 large black bags containing numerous individually wrapped packages of marijuana.

42. The packages were later found to contain 197.2 pounds of marijuana.

43. Trooper Morgan then placed Watts in custody and transported him to the Cherokee Indian Police Department, 137 Seven Clans Lane, Cherokee, NC.

5

44.     Watts was interviewed, post-Miranda warning, by TFOs Matthew Shiver and Cody McKinney.

45.     In summary, Watts admitted to possessing the marijuana and transporting the marijuana from Washington to North Carolina for the purpose of distributing the marijuana to another person identified as "Joey" in exchange for United States Currency.

46.     Further, Watts admitted to purchasing the 2003 Chevrolet Silverado to use to facilitate the transport of the marijuana.

47.     Based on the circumstances surrounding the traffic stop and Watts' admissions while at the police department, TFO Escobedo seized the sum of U.S. Currency was located in Watts' further determined to be $1,751.00 U.S. Currency and the 2003 Chevrolet Silverado 2500 VIN: 1GCHK29183E152488) as proceeds and/or facilitating property of Watts' drug activities.

48.     Watts was arrested and charged with Possession of Dangerous Drugs.

49.     On April 3, 2018, Watts was indicted for violations of 21 U.S.C. § 841 (a)(1), knowingly possessing with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. W.D.N.C. Case No. 1:18CR42.

## PRAYER FOR RELIEF

50.     By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

51.     Upon information and belief, the following persons may have or claim an interest in the defendant property:

|  |  |
|---|---|
| Bryan Jamison Watts | Donna Lee Watts |
| c/o Rich Cassady, Esq. | c/o Rich Cassady, Esq. |
| 672 Highlands Road | 672 Highlands Road |
| Post Office Box 2033 | Post Office Box 2033 |
| Franklin, North Carolina 28744 | Franklin, North Carolina 28744 |

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant properties be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendants to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of Defendant properties as required by 28 U.S.C. § 1921.

Respectfully submitted, this the 14th day of August, 2018.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s Tiffany Mallory Moore
Assistant United States Attorney
GASB #744522
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: tiffany.moore2@usdoj.gov

7